UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLY JOHNSON,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

    Defendant.

CASE NO.   C04-5482FDB

REPORT AND RECOMMENDATION

Noted for September 2, 2005

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed.  After reviewing the record, the undersigned recommends that the Court remand the matter for further administrative proceedings.

<u>INTRODUCTION AND PROCEDURAL HISTORY</u>

    On August 10, 1988, Plaintiff filed an application for Mother's Insurance Benefits on the account of wage earner Kevin T. Mack, her deceased spouse (Tr. 15, 23-26). The claim was granted effective June of 1988 (Tr. 15). Benefits were subsequently terminated on September 11, 1992 after Plaintiff remarried (Tr. 15). However, benefits were reinstated effective December of 1994 following the dissolution of the marriage (Tr. 15). On December 25, 2000, Plaintiff was notified that she was overpaid $8,684.00 in Mother's Insurance Benefits due to previously unreported earnings of $26,986.24 in 1999, which exceeded the annual earnings limit (Tr. 15, 84). On February 17, 2001, Plaintiff was notified that she was overpaid $9,773.00 in benefits for the year 2000, due to estimated earnings of $35,000 (Tr. 15). It was later determined that Plaintiff earned $38,190.61 in 2000 (Tr. 15, 84). The total amount of the overpayment was therefore $18,457.00 (Tr. 15).

REPORT AND RECOMMENDATION
Page - 1

On February 26, 2001, Plaintiff requested a waiver of recovery of the overpayment (Tr. 13, 47-55). Plaintiff's request for waiver was denied administratively (Tr. 13, 58-60, 63-65) and she filed an untimely request for a hearing by an ALJ on January 25, 2002 (Tr. 13, 77). However, it was determined that good cause existed for her failure to timely file the request for hearing (Tr. 13, 78). After a hearing held on September 12, 2003 (Tr. 86-102), at which Plaintiff appeared and represented herself, the ALJ issued a decision on November 26, 2003 (Tr. 10-16), finding that Plaintiff was not without fault in causing or accepting the overpayment and, therefore, denied Plaintiff's request for waiver of recovery of the overpayment (Tr. 16). The Appeals Council denied Plaintiff's request for review (Tr. 3-5), making the ALJ's decision the Commissioner's final decision (Tr. 10-16). See 20 C.F.R. §§ 404.981, 422.210.

Plaintiff filed her instant complaint with the court on August 13, 2004, asking the court to review the administrative decision. Plaintiff specifically argues she was never aware of the requirement that she had to report her income annually or that their was a limit to her earnings that would affect her benefits. Plaintiff argues the ALJ's decision is not based on substantial evidence and legal error.

In response to plaintiff's contentions, defendant concedes the ALJ erred in the manner his decision was made. Defendant concedes the matter should be remanded to allow the administration the opportunity to (i) hold a hearing and obtain further testimony; (ii) develop the record fully and consider and make findings concerning whether Ms. Johnson is entitled to waiver of recovery of the overpayment, or any portion thereof, citing the correct regulatory criteria; and (iii) make an explicit credibility finding regarding the reason Ms. Johnson provides for accepting the overpayment and not reporting her work which caused the overpayment.

In reply to Defendant's position, plaintiff asks the court to reverse and remand for a finding that she was not at any fault in the acceptance of the overpayment of benefits and for the administration to waive the issue. Accordingly, the issue before the court is whether the administrative errors require remand for further proceedings or whether the errors require reversal.

### DISCUSSION

The Commissioner's refusal to waive repayment should be affirmed if supported by substantial evidence and if the Commissioner applied the proper legal standards. <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1122 (9th Cir. 1990). The claimant of an overpayment has the burden of proving that she was

REPORT AND RECOMMENDATION
Page - 2

without fault. Id. at 1122. The Commissioner may waive repayment of an overpayment if the claimant was without fault and if the recovery would defeat the purposes of the Act or be contrary to equity and good conscience.  Id.; 20 C.F.R. § 404.506. In making determinations of fault, the Agency considers all pertinent circumstances, including age, intelligence, education, and physical and mental condition.  Id.

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

As noted above, plaintiff and defendant both agree that the ALJ erred in his decision.  Plaintiff, however, argues that on remand the court should direct that the administration credit plaintiff's testimony as true, and thus, not allow the administration a second opportunity to consider and cure the errors conceded.  Plaintiff asks for reversal of the ALJ's decision and remand for the administration to declare that she was without fault in her acceptance of overpayment of social security benefits.

Plaintiff cites to the Smolen case to support her argument that her testimony should be credited in this case.  Plaintiff fails to acknowledge the more recent analysis in Harman.  The following test is used to determine when evidence should be credited and an immediate award of benefits directed: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.2000)(*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996).

In Harman the social security claimant argued the ALJ improperly rejected medical testimony and the district court was obligated to credit the opinion as true.  The Ninth Circuit rejected the argument, stating:

> Appellant supports his argument that Dr. Fox's testimony should be credited by citation to *Lester v. Chater*, 81 F.3d 821 (9th Cir.1995) and *Smolen v. Chater*, 80 F.3d

REPORT AND RECOMMENDATION
Page - 3

1273 (9th Cir.1996).  In *Lester*, we wrote that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' "  *Lester*, 81 F.3d. at 834, *quoting Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989).  We built upon this rule in *Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. [Footnote omitted]

The Commissioner attacks Appellant's reliance on *Lester* by arguing that the record in that case contained no evidence capable of supporting the rejection of the medical opinions, while here, according to the Commissioner, there is such evidence. [Footnote omitted]  However, even assuming arguendo that there is material in the record upon which the ALJ legitimately could have rejected Dr. Fox's testimony, the Commissioner's attempt to distinguish *Lester* is not well founded.  In *Varney v. Secretary of Health and Human Services (Varney II)*, 859 F.2d 1396 (9th Cir.1988), this court addressed the propriety of adopting the Eleventh Circuit's practice of accepting a claimant's pain testimony as true when it is inadequately rejected by the ALJ. In language which is equally applicable here, we stated:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence.... [¶ And] the rule [of crediting such testimony] ensures that deserving claimants will receive benefits as soon as possible....
>
> ..   Certainly there may exist valid grounds on which to discredit a claimant's pain testimony....  But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id.* at 1398-99. (Emphasis added; internal quotes and citation omitted).

Our reliance on *Varney II* to justify the current application of *Smolen* does not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Rather, the *Smolen* test still enables only a limited exception to the general rule.

We conclude that if the Smolen test is satisfied with respect to Dr. Fox's testimony, then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.

*B. Applying the Test*

Not surprisingly, the parties disagree as to whether the Smolen test is met here. Specifically, they disagree as to whether crediting Dr. Fox's opinion mandates a finding of disability.  [Footnote omitted]  We conclude that it does not.

Harman, 211 F.3d at 1178-79 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000).

REPORT AND RECOMMENDATION
Page - 4

The <u>Harman</u> court found the <u>Smolen</u> test did not apply after reviewing the need for remand and whether benefits could be awarded as a matter of law. Because additional materials on remand needed to be considered, because the medical opinion that Appellant is totally disabled is a medical rather than a legal conclusion and because there was no testimony from the vocational expert that the limitations found would render the claimant unable to engage in any work the <u>Harman</u> court did not apply the <u>Smolen</u> test to credit the medical opinion as true. The matter was remanded without conditions directing the administration to credit the improperly rejected medical opinion as true.

In the case at hand this court similarly finds remand with a directive to the administration to credit the certain medical opinions as true inappropriate. Here, remand is necessary to allow the administration the opportunity to review the record and cure the mistakes the ALJ made in his decision.

## CONCLUSION

Based on the foregoing discussion, the Court should find that a remand for further proceedings is appropriate. Further testimony and/or evaluation of the evidence is needed to complete and cure the administrative review process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 11th day of August, 2005.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5